Submitted April 4, reversed and remanded May 28, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

STEVEN WAYNE ADAMS,
*Defendant-Appellant.*

Multnomah County Circuit Court
051137002; A132777

185 P3d 570

Peter Gartlan, Chief Defender, and Shawn Wiley, Chief Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for possession of a controlled substance, *former* ORS 475.992(4) (2003), assigning error to (1) the denial of his motion to suppress evidence that police obtained after stopping him without reasonable suspicion that he had committed a crime and (2) the admission of a crime laboratory report analyzing that evidence. Defendant was leaving a party when he was approached by a police officer. The officer noticed signs of intoxication and believed that defendant was under the legal drinking age. The officer asked for and received defendant's identification. The identification showed that defendant was over 21 years of age. The officer retained the identification, however, and then asked for consent to search defendant. Defendant agreed, and the officer found evidence of drugs. Defendant contends that the officer unlawfully retained his identification after learning that defendant was, in fact, over 21 and that the officer exploited what was essentially an unlawful stop by asking for consent to search. Consequently, defendant contends, the trial court should have suppressed the evidence that was produced by that search.

The state concedes that, particularly in light of *State v. Hall*, 339 Or 7, 115 P3d 908 (2005), the officer stopped defendant without reasonable suspicion by retaining the identification and, further, that the state failed to establish that the officer did not exploit that illegality in obtaining defendant's consent to search.

We agree with defendant and the state that, in light of *Hall*, the officer unlawfully stopped defendant when she retained the identification without reasonable suspicion that defendant had committed a crime and that the state failed to establish that the officer did not exploit that illegality in obtaining defendant's consent to search.

In light of our disposition of defendant's first assignment of error, we need not address his second assignment.

Reversed and remanded.